JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

David William Linder,                      )   No. CV 06-1157-PHX-DGC
                                           )
      Plaintiff,                     )   **ORDER**
                                           )
vs.                                        )
                                           )
City of Bullhead City Police Dep't, et al.,)
                                           )
      Defendants.                    )
                                           )
_____)

      Plaintiff David William Linder brought this civil rights action under 42 U.S.C. § 1983 against Bullhead City Police Officer Richard Anderson (Doc. #10).[1] On September 4, 2008, the Court granted Defendant's Motion for Summary Judgment (Doc. ##29, 50).

      Before the Court are Plaintiff's two Motions for Leave to Amend (Doc. #54, 57)[2] and a Motion for Reconsideration and/or in the Alternative Notice of Appeal (Doc. #58).

      Plaintiff's first two motions are identical (Doc. ##54, 57). Although these motions' titles refer to leave to amend, Plaintiff only expresses his dissatisfaction with the Court's Summary Judgment Order. The motions will therefore be construed as a request for reconsideration.

---

[1] Upon screening, the Court dismissed the Bullhead City Police Department as a Defendant (Doc. #14).

[2] Although Document #57 is entered on the docket as a "Motion to Amend/Correct," it is, like Document #54, titled "Motion for Leave to Amend."

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiff presents no grounds for reconsideration; thus, both motions will be denied. Because the Court construed the first two filings as a request for reconsideration, it will construe the most recent filing solely as a Notice of Appeal of the Summary Judgment Order (Doc. #58).

**IT IS ORDERED:**

(1) Plaintiff's Motions for Leave to Amend (Doc. ##54, 57) are construed as requests for reconsideration and are **denied**.

(2) Plaintiff's Motion for Reconsideration and/or in the Alternative Notice of Appeal (Doc. #58) is construed as a Notice of Appeal.

(3) The Clerk of Court must designate Document #58 as a Notice of Appeal and proceed accordingly.

DATED this 24th day of October, 2008.

_____
David G. Campbell
United States District Judge

- 2 -